[Civ. No. 10836.  Second Appellate District, Division One.—October 2, 1936.]

WM. EDMISTON ROSS, Respondent, v. PACIFIC MORT-GAGE GUARANTY CO. (a Corporation), Appellant.

Shattuck, Davis & Story and Edward S. Shattuck for Appellant.

Frank S. Hutton for Respondent.

SHINN, J., *pro tem.*—Plaintiff had judgment in the amount of $3,524.75, as the value of certain furniture, furnishings, fixtures and equipment of a hotel and cafe building. Defendant questions the sufficiency of the evidence to support the finding that plaintiff was the owner and entitled to the possession of the property which at the time of the conversion was situated in a building known as the Proctor Hotel. Plaintiff testified that he had furnished the building after it was completed; that he paid for the furniture himself, and that he had not transferred the same to his mother, who was the owner of the real property. In our opinion this testimony, in the absence of any qualifying statements of the plaintiff or of any conflicting testimony, was sufficient to support the inference that plaintiff was the owner of the property. It was scarcely necessary for him to amplify his testimony by the further statement that the money used in making the purchase was his own and not that of his mother. The reasonable inference is that he paid for the furniture with his own funds and purchased the property for himself. While the property so purchased was not specifically identified as the same property found to have been converted by the defendant, yet it seems to have been so regarded at the trial both by counsel and the court. We

cannot assume that more ample evidence on the subject would have resulted in a different finding.

There was sufficient evidence to establish the value of the property as equal to that placed upon it in the findings. It is quite true, as defendant contends, that it would not have been proper to value the property as some of the witnesses did, as though it was in use in the hotel as a going concern, since plaintiff was not in possession of the real property and was not using or entitled to use the furniture in the operation of the hotel business. The evidence which supports the judgment relates to the value the property would have had when removed from the hotel. A comparison of the values given on the basis that the property was in use in an operating business and those found by the court clearly demonstrates that the court wholly disregarded the testimony which took into consideration erroneous factors of value.

Defendant justified its refusal to surrender possession of the property to plaintiff upon the ground that the same had been pledged to it by plaintiff's mother as additional security for the indebtedness secured by trust deed of the real property. In support of this claim defendant relies upon the terms of a written agreement by which payment of the trust deed debt was extended upon certain terms and conditions. Among the provisions of the extension agreement was one by which plaintiff's mother agreed to "Assign, transfer and set over unto said Pacific Mortgage Guaranty Company, subject to existing leases (if any) thereon, the possession of said premises and by way of pledge the possession of all furniture, furnishings, fittings, attachments, appliances and appurtenances of every kind and description now upon or within said premises, all of which shall remain intact thereon available for the use of tenants." The debtor also agreed to keep the personal property insured for the benefit of the defendant as its interest might appear, and also surrendered to defendant the right to operate the hotel and cafe, to collect all rents and other income, and after paying the expenses of operation and maintenance, taxes, etc., to apply the remainder upon interest and principal of the trust deed debt. This agreement was carried into effect and the property was operated by the defendant for several years but eventually title to the real property passed to the de-

fendant by sale under the deed of trust. It is not urged that the rights of plaintiff as owner of the personal property were superior to those of his mother. It was conceded at the trial that his knowledge of and acquiescence in the dealings between his mother and the defendant bound plaintiff as though he had been a party to the agreement. The trial judge, over the objection of the defendant admitted oral evidence as to the circumstances of the execution of the agreement in aid of its interpretation, and concluded that there was no pledge of the personal property as security for the debt. In receiving this evidence the court did not err. the words, "by way of pledge", would imply that the property was to stand as security of some sort but the agreement is entirely destitute of any declaration that the property was pledged as security for the trust deed debt or for any part of it. Proof of an intention that the delivery of possession was for some restricted purpose would not have been in conflict with the terms of the writing. Therefore the phrase, "by way of pledge", interpolated into the agreement and without any connection whatever with the remaining provisions created an ambiguity which admitted of explanation. The evidence admitted for this purpose consisted of conversations between plaintiff and an officer of defendant corporation, and also writings which passed between the parties prior to the execution of the agreement. In the testimony as to the conversations we find no proof of an agreement that the personal property should be pledged as additional security for the debt. In the writings which preceded the final agreement we find a written offer by the owner of the real property to surrender possession thereof and to assign the rents, issues and profits to the defendant in order that it might operate the hotel and cafe. No mention was made in this connection of any intention to pledge the furniture as security. The trial judge, after an analysis of this evidence reached the conclusion that the parties intended only that the defendant should be secured in its possession of the personal property for use in connection with the hotel operation. The use of the word "pledge" is consistent with this construction for it does not necessarily imply the delivery of possession as security for the payment of the debt. The court pointed out that the use of the personal property by defendant was one of the principal objectives of the agree-

ment and concluded that while the agreement adequately expressed an intention to make the possession of the defendant valid and secure in so far as its right to use the property was concerned, there was to be found in the agreement or in the several writings that preceded its execution, no expressed intention to give additional security for the debt. The conclusions of the trial court were logical and fair deductions from the evidence. These conclusions were upon questions of fact and while they relate to the intentions of the parties they have the same controlling force upon this appeal as though they were findings concerning the acts of the parties. The construction of an uncertain or ambiguous agreement by the trial court after the taking of oral evidence in aid of its interpretation must stand unless it is without support in the evidence. (*Scott* v. *Sun-Maid Raisin Growers Assn.*, 13 Cal. App. (2d) 353 [57 Pac. (2d) 148].)

Defendant therefore could not justify its retention of the personal property after the sale of the real property under trust deed foreclosure upon the theory that it held it in pledge as security for the payment of a deficiency that remained unpaid.

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.